[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11951
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60250-BB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO RODRIGUEZ-CAMPANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 30, 2020)

Before ED CARNES, Chief Judge, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Rolando Rodriguez-Campana pleaded guilty to conspiracy to possess five or more kilos of cocaine.  As part of his plea, Rodriguez-Campana waived his right to appeal unless his sentence exceeded the statutory maximum, the sentence was an

upward departure or upward variance from the guidelines range, or the government appealed.

During his change of plea hearing, the district court placed Rodriguez-Campana under oath and questioned him to ensure that his plea was knowingly and voluntarily given. He testified to the following. He was forty-six and he was not being treated for mental illness. He was not under the influence of drugs or alcohol. He did not speak or read English (the hearing was conducted through translators), but his attorney was bilingual and had translated the charging documents and plea agreement for him and answered all his questions. He was pleading guilty of his own free will. And he understood that, as part of his plea agreement, he was giving up his right to appeal in all but the listed circumstances.

The Presentence Investigation Report recommended a guidelines range of 70 to 80 months in prison.[1] Rodriguez-Campana objected to the calculation. The court agreed with some, but not all, of his objections and calculated a guidelines range of 57 to 71 months in prison. It sentenced him to 45 months in prison.

Rodriguez-Campana appeals contending that the sentence was procedurally and substantively unreasonable. He contends that he did not knowingly and voluntarily waive his right to appeal because he did not understand the waiver. He

---

[1] The statutory minimum sentence was 10 years, but the district court found that Rodriguez-Campana satisfied the safety-valve requirements under U.S.S.G. § 5C1.2.

notes that this was his first encounter with the court system, so he was not familiar with the language and terminology of the plea. And he argues that his "robotic" and repetitive answers of "I do" or "I do understand" in his plea colloquy reveal that he really did not. The government moves to dismiss his appeal based on the waiver. He did not respond to the motion to dismiss.

We review de novo the validity of an appeal waiver. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). An appeal waiver is enforceable if it is knowingly and voluntarily given by the defendant. The government can establish that a waiver is knowingly and voluntarily given by showing that "the district court specifically questioned the defendant about the provision during the plea colloquy." United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

Rodriguez-Campana's waiver was knowingly and voluntarily given. The district court specifically questioned him about his appeal waiver. He testified that he knew he was giving up his right to appeal. He testified that his attorney had translated the plea agreement for him and answered all of his questions. And he testified that he made the plea voluntarily. On appeal he does not argue that any of the three exceptions to his waiver applies.

The fact that Rodriguez-Campana answered "I do" or "I do understand" to almost all of the court's questions makes sense. At the end of each question the court asked, "Do you understand that, sir?" And when the court asked a question

3

he did not understand, Rodriguez-Campana answered "I do not understand that." Repetitive answers to repetitively worded questions do not invalidate an appeal waiver.

**DISMISSED.**